## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**DUSTIN A. CRUMBLEY, #25475-001**                                            **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 5:10-cv-202-DCB-JMR**

**USA and BRUCE PEARSON**                                          **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas relief pursuant to 28 U.S.C. § 2241, on December 20, 2010. Petitioner filed his Response [doc. 5] as directed by a Court Order [doc. 4] on February 2, 2011. Upon review of the Petitioner's filings, the Court has reached the following conclusions.

**I. Background**

Petitioner pled guilty to and was of convicted of conspiracy to possess with intent to distribute cocaine and marijuana and possession with intent to distribute cocaine by the United States District Court for the Northern District of Florida on July 11, 2006. *USA v. Crumbley*, 5:04-cr-62 (N.D. Fla. July 11, 2006). Petitioner was sentenced to 120 months of imprisonment on each count to be served concurrently.[1] On May 16, 2007, Petitioner's convictions and sentences were affirmed by the Eleventh Circuit. *USA v. Crumbley*, No. 06-13935 (11th Cir. May 16, 2007).

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, was denied by the trial court on May 19, 2008. *Crumbley v. USA*, No. 5:07-cv-230 (N.D. Fla.

---

[1] Petitioner was also sentenced to 5 years of supervised release.

May 19, 2008). Petitioner was denied a certificate of appealability by the Eleventh Circuit on October 9, 2008. *Crumbley v. USA*, No. 08-13268 (11th Cir. Oct. 9, 2008)

Petitioner files the instant action pursuant to 28 U.S.C. § 2241 asserting two grounds for relief. Specifically, Petitioner contends that his indictment is void because it was barred by the statute of limitations, thus the trial court did not have jurisdiction to sentence him. Petitioner also claims that his indictment is void because his name, which is Dustin Crumley, is not on the indictment in the form of an alias or otherwise. As relief, Petitioner is requesting his immediate release from incarceration.[2] Pet. [1], p. 4-5.

## II. Analysis

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a section 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir.1990)). The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to § 2255. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted).

Petitioner's claims of an invalid or void indictment attack the validity of his convictions and resulting sentences. Clearly, these alleged constitutional violations "occurred during or before sentencing," and are not the properly pursued in a § 2241 petition.

---

[2]In Petitioner's "memorandum of record" filed as an attachment [doc. 2] to his Petition, he states that he is also seeking "monetary damages for unjust conviction" under 28 U.S.C. § 1495. Petitioner is unable to pursue such a claim in this Court as evidenced by the referenced code section which clearly states that the United States Court of Federal Claims has jurisdiction over such claims.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.). The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Crumbley bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner argues that a § 2255 motion is an inadequate remedy to assert his claims because of the obvious conflict of interest. Petitioner claims that since his grounds for relief are that the trial court was involved in a conspiracy to use a fraudulent indictment and lacked jurisdiction to sentence him that this same trial court would not provide him with relief on these claims. Pet. [1]. p.2. Petitioner's claims are clearly not "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion" as required to proceed under the savings clause *Reyes-Requena*, 243 F.3d at 904. Furthermore, the Fifth Circuit has clearly stated that "failing to

succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."  *Pack v. Yusuff*, 218 F.3d at 452-53;  *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective").

Since Petitioner is challenging the validity of his convictions and sentences in the instant Petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition.  Because the Court has found that it lacks jurisdiction to consider this Petition, it will not address the merits of this case.

### III.  Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause."  Therefore, this Petition shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction.  *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997).

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

THIS the  29th   day of March, 2011.

                              s/David Bramlette                              
                              UNITED STATES DISTRICT JUDGE